IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nicole Welker and Justin Brinkley, Individually, and Charles B. Hadad, Esquire, as Guardian Ad Litem on behalf of JDWBII, a Minor | ) ) ) ) ) | CIVIL ACTION NO. 3:14-cv-00149-KRG |
| Plaintiffs, | ) ) | Kim R. Gibson, District Judge |
| v. | ) ) | |
| THOMAS A. CARNEVALE, M.D.; CLEARFIELD HOSPITAL; PENN HIGHLANDS HEALTHCARE; AND PENN HIGHLANDS CLEARFIELD | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' EXPERT, LITIGATION ANALYTICS, INC., FROM PRESENTING JDWBII'S FUTURE LIFE CARE COSTS DISCOUNTED TO PRESENT VALUE**

Plaintiffs, by and through their attorneys, Kline & Specter, P.C., hereby submit this Motion *in Limine* and aver as follows:

1.      This medical malpractice action arises out of Defendants' failure to properly manage Plaintiff Nicole Welker's labor and timely deliver JDWBII, Plaintiffs' son, at Clearfield Hospital on July 19, 2012.  As a result, JDWBII suffered a profound hypoxic brain injury that resulted in, among other diagnoses, cerebral palsy and its concomitant sequelae, for which JDWBII will require 24-hour care throughout his lifetime.

2.      Plaintiffs produced the expert report of economist, Andrew C. Verzilli, MBA, in which Mr. Verzilli provided a summary of JDWBII's total anticipated Life Care Costs.  Mr. Verzilli's report is attached hereto as *Exhibit "A."*

3.      Defendants produced an expert report by an economics firm, Litigation Analytics, Inc., dated April 12, 2016, summarizing JDWBII's total Life Care Costs.  Litigation Analytics

report is attached hereto as *Exhibit "B."* In its report, Litigation Analytics inappropriately discounts JDWBII's future life care costs to present value.

4.      Based on the submission of Litigation Analytics' reports, Plaintiffs anticipate Defendants may attempt to introduce JDWBII's future life care costs inappropriately discounted to present value.

5.      Accordingly, Plaintiffs move to preclude Defendants, through Litigation Analytics, from presenting JDWBII's future life care costs discounted to present value.

6.      The MCARE Act, 40 P.S. § 1303.101 et seq. establishes a comprehensive statutory scheme for the determination of future medical damages in a medical malpractice action and the method of determination by the trier of fact. This statutory scheme, and the jury instructions which flow from it, neither requires nor permits a reduction to present value of future medical expenses.

The MCARE Act sets forth a format for the calculation and payment of future medical expenses as follows:

> (b) Future damages.-- (1) Except as set forth in paragraph (8), future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to this subsection. The trier of fact may vary the amount of periodic payments for future damages as set forth in subsection (a)(2)(i) from year to year for the expected life of the claimant to account for different annual expenditure requirements, including the immediate needs of the claimant. The trier of fact shall also provide for purchase and replacement of medically necessary equipment in the years that expenditures will be required as may be necessary. (2) The trier of fact may incorporate into any future medical expense award adjustments to account for reasonably anticipated inflation and medical care improvements as presented by competent evidence.

40 P.S. § 1303.509 (emphasis added).   Additionally, the relevant Pennsylvania Suggested Standard Jury Instruction (Civ) provides:

2

> In awarding future damages for medical and other related expenses, you must award an amount for each year of the plaintiff's life in which he will incur such damages.  You should adjust this award to account for <u>reasonably anticipated inflation and medical care improvements as presented in evidence</u>. The verdict sheet contains separate lines for you to determine these future medical expenses by year. You should complete this form by filling in a dollar amount that fully and fairly compensates the plaintiff for all medical expenses you find will be incurred for each year you determine the plaintiff will live.

<u>Pa. SSJI (Civ), § 14.150 (2011) (formerly § 11.11A (2010))</u> (emphasis added).

The commentary concerning the interplay between the MCARE Act and the aforementioned Pennsylvania Suggested Standard Jury Instruction (Civ) is illuminating:

> Clearly, the language of section 509(b)(1) is not the model of clarity and has given rise to the question as to whether the future damages for medical and other related expenses should be reduced to present value. Section 509(a)(2) requires a separate finding for, among other things, "Future damages for: (i) medical and other related expenses by year."
>
> Section 509(b)(1) states that except for future damages for medical and other related expenses stipulated, without reduction to present value, not to exceed $100,000, "future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to this subsection."
>
> The sentence quoted addresses actual payment to the claimant rather than any determination by the fact finder. This is demonstrated by the remainder of the subsections under 509(b). The role of the trier-of-fact is set forth in section 509(b)(1), which is to vary the amount of periodic payments for future damage from year to year for the expected life of the claimant. The trier-of-fact shall also provide for the purchase and replacement of medically necessary equipment. <u>In other words, the jury is required to find the actual amount of future damages for each year in which they will occur. This is the entirety of the jury function with regard to apportionment of future damages for medical and related expenses</u>.

<u>Pa. SSJI (Civ), § 14.150 (2011) (formerly § 11.11A (2010)</u> (Commentary and Analysis of Committee Member Clifford A. Rieders, Esquire, Who Was Involved in a Legislative Process with Respect to Section 509, 40 P.S. § 1301.101 <u>et seq.</u>) (2010) (emphasis added).

Indeed, the present Pennsylvania Suggested Standard Jury Instruction (Civ) § 14.150

3

(formerly § 11.11A) has been corrected by "strike-out" between the 2005 and 2008 iterations, as follows:

> ## FUTURE MEDICAL EXPENSES
>
> The plaintiff is also entitled to be compensated for all medical and other related expenses including expenses for the purchase and replacement of medically necessary equipment that you find [he] [she] will reasonably incur in the future for the treatment and care of [his] [her] continuing injuries.
>
> *****
>
> *[Second Alternative]*
>
> *[Where the plaintiff seeks future medical and other related expenses of more than $100,000 without reduction to present value.]*
>
> [In awarding future damages for medical and other related expenses, you must award an amount for each year of the plaintiff's life in which [he] [she] will incur such damages. ~~Your award must be based on the present value of the future damages.~~ You should adjust this award to account for reasonably anticipated inflation and medical care improvements as presented in evidence. The verdict sheet contains separate lines for you to determine these future medical expenses by year. You should complete this form by filling in a dollar amount that fully and fairly compensates the plaintiff for all medical expenses you find will be incurred for each year you determine the plaintiff will live.]
>
> FN*    Please note that the strikeout language incorrectly appeared in the version of this instruction included in the Third Edition (2005 copyright).

<u>Pa. SSJI (Civ), § 14.150 (2011) (formerly § 11.11A (2010).</u>

The role of the trier-of-fact in this action with respect to the determination of future medical expenses, as a matter of law, is clear: to provide "a dollar amount that fully and fairly compensates the plaintiff for all medical expenses you find will be incurred for each year [the trier-of-fact] determine[s] the plaintiff will live." <u>Pa. SSJI (Civ), § 11.11A</u>. The role of the trier-of-fact with respect to this item of damages does not include a reduction to present value.

In stark contrast, the MCARE Act specifically requires the reduction to present value of future damages for lost earnings, and provides:

> Section 510. Reduction to present value.
>
> Future damages for loss of earnings or earning capacity in a medical professional liability action shall be reduced to present value based upon the return that the claimant can earn on a reasonably secure fixed income investment. These damages shall be presented with competent evidence of the effect of productivity and inflation over time. The trier of fact shall determine the applicable discount rate based upon competent evidence.

40 P.S. § 1301.510.

If the Pennsylvania legislature had intended future medical expenses to be reduced to present value by the trier-of-fact at trial, the legislature would have prescribed it in the MCARE Act. No such mandate or provision is included in the present state of the law. Accordingly, Defendants and Litigation Analytics must be precluded from presenting JDWBII's life care costs reduced to present value.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter the proposed Order.

Respectfully submitted,

**KLINE & SPECTER**
*A Professional Corporation*

By: _____
SHANIN SPECTER, ESQUIRE
DOMINIC C. GUERRINI, ESQUIRE
MARK S. POLIN, ESQUIRE
**Attorneys for Plaintiffs**

Dated: _12/28/16_____

5